IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ASHLEY WILLIAMS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

v.

CASE NO. 1D14-3600

CHARLES HARRISON BURGESS,
and WILLIAM HARRISON
BURGESS, and ADAM
HARRISON BURGESS,

     Appellees.

_____/

Opinion filed May 12, 2015.

An appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellant.

Mark K. McCulloch of Brownstone, P.A., Winter Park, for Appellees.

PER CURIAM.

     We review an order denying a motion to terminate a temporary custody

order originally entered under Chapter 751, Florida Statutes, by agreement of the

parties. The trial court denied the motion to terminate on grounds the petitioner was not fit at this time to have custody. See § 751.05(6), Fla. Stat. (2013) ("At any time, either or both of the child's parents may petition the court to modify or terminate the order granting temporary custody. The court shall terminate the order upon a finding that the parent is a fit parent, or by consent of the parties. The court may modify an order granting temporary custody if the parties consent or if modification is in the best interest of the child.").

The order under review finds that petitioner "has lived with and visited the child throughout the child's life" and "has had frequent and regular visitation and communication with the child," and does not purport to terminate parental rights. In deference to the trial court's role as finder of fact, we affirm, without prejudice to further proceedings in the event of changed circumstances. See Steven Scott Stephens, Florida Family Law § 8.7 (2014 ed.) ("Temporary orders, by contrast, can be revisited at any time the circumstances warrant.").

AFFIRMED.

BENTON and CLARK, JJ., CONCUR; MAKAR, J., SPECIALLY CONCURS WITH OPINION.

MAKAR, J., specially concurring.

Because the motion to terminate the temporary custody order was not agreed upon by the parties, the trial court had to determine whether the movant-mother, Ashley Williams, was fit. § 751.05(6), Fla. Stat. Because the record supports the trial court's overall finding that she is not at this time, despite some positive findings as to her relationship with her child, affirmance is in order.